No. 9056.

BOARD OF COUNTY COMMISSIONERS OF LOGAN COUNTY *v.* ADVOCATE PUBLISHING COMPANY.

1. COUNTY—*Publication of Tax List—Liability.* Where certain names and descriptions are suppressed by direction of the treasurer, after the first publication, the publisher of the newspaper is not entitled to the full statutory price, as if the matter were published.

2. —— *Number of Publications.* The statute allows but four publications of the delinquent tax list. The county treasurer's order for a greater number is without effect to charge the county.

3. —— *Measurement.* The printer's compensation is to be computed by rule measurement, rather than by line. Twelve lines of the type of the prescribed size, and width of line, is the basis of the statutory inch.

In printing the display headings necessary blank spaces are to be paid for as if in solid type.

*Error to Logan District Court, Hon. H. P. Burke, Judge.*

Messrs. MUNSON, KEATING & MUNSON, for plaintiff in error.

Messrs. COEN, MORISON & SAUTER, for defendant in error.

Mr. Justice Scott delivered the opinion of the court:

THIS controversy arises over the amount to be lawfully allowed for the publication of a delinquent tax list, delivered to the publishing company by the County Treasurer for that purpose.

It appears that after the delivery of the list, and after the matter had been set in type, the County Treasurer directed the publisher to omit certain names and descriptions, which was done; and after the first publication, the County Treasurer directed the publisher to thereafter omit certain additional names and descriptions in future publications, which was done.

The County Treasurer directed the publisher to publish the final list in five issues of the paper, which was done.

The case was submitted on an agreed statement of fact. The court held that the publisher was entitled only to reasonable compensation for the setting up and distribution of the type as relates to that portion of the list not published, the value of which was agreed on. The publisher, however, insists that it is entitled to the statutory price as if published. The court did not err in this particular. That portion of the list was not published and the publisher was not entitled to the price for publicattion. What may have been the rights of the publisher if he had declined to comply with the County Treasurer's request, and had proceeded to publish the same, is not determined. He consented to and did act upon the request of the treasurer.

The publisher claims compensation for five publications, as directed by the County Treasurer. The court held that it was entitled only to compensation for four publications, being the number fixed by statute. In that the court did not err. Under the statute hereinafter quoted the County

Treasurer was authorized only to contract for the lawful number of publications, and he can not lawfully exceed his authority in that respect.

The principal controversy here is as to the construction of the statutory rule for measurement of public printing. The court held that this should be computed by rule measurement, rather than by line, as seems clearly to be the intent of the statute, as was determined in *Montezuma County v. Frederick,* 50 Colo. 464, 115 Pac. 514.

Section 3934, Revised Statute 1908, provides:

"Publishers of newspapers in this state shall be entitled to receive the following fees: For the publication of all legal advertising in newspapers required to be done by law in this state, publishers shall be paid at the rate of seven cents for each line of nonpareil, measure thirteen ems (pica) wide, for the first insertion, and four cents for each subsequent insertion. In ascertaining charges under the provisions of this act, twelve lines shall be counted to the inch, and all emblems, display headings, rule work and necessary blank space shall be paid for as if solid type. And any public or municipal officer or board created by or existing under the laws of this state that has now, or may hereafter be authorized by law to enter into contracts for the publication of legal advertisements, is hereby authorized, subject to other limitations on said authority, now imposed by law, to agree to pay therefor prices not exceeding said rates."

It is clear that matter to be embraced in twelve lines of the prescribed size of type, and width of line, is the basis of measurement constituting the statutory inch, to be computed at the price fixed per line for the first and subsequent publications.

Whatever may be the size of type, or length of line used, the compensation must be upon the prescribed basis. This is usually computed by printers by deducting relative per cents from rule measurement, dependent upon the varying larger sizes of type used.

The court correctly interpreted the statute for the meas-

urement of display headings, by allowing necessary blank space to be paid for as if in solid type.

By reason of the erroneous ruling as to measurement, the judgment is reversed, with instruction to enter judgment in conformity with the views herein expressed.

The judgment is reversed.

Bailey, J., and Allen, Jr., concur.